UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE ENRIQUE AND ERNESTINA GARZA D/B/A BLANCA'S MARKET | § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 7:23-cv-00119 |
| COLONY INSURANCE COMPANY | § § § | |
| *Defendant.* | § § § | |

**DEFENDANT COLONY INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and Rule 81 of the Local Civil Rules of the United States District Court for the Southern District of Texas, Defendant Colony Insurance Company files this Notice of Removal and respectfully shows:

**I.
REMOVAL IS PROPER**

1. This is a civil action subject to the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and subject to removal to this Court pursuant to 28 U.S.C. § 1441 because it is an action between citizens of different states wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2. On January 6, 2023, Plaintiffs Jose Enrique and Ernestina Garza d/b/a Blanca's Market filed this action against Colony, styled *Jose Enrique and Ernestina Garza d/b/a Blanca's Market*, Cause No. C-0094-23-B in the 93rd Judicial District Court of Hidalgo County, Texas. (Plaintiff's Original Pet., Ex. A, Tab 2). Plaintiffs served Colony on March 8, 2023.

**A.   COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES**

3. Removal is property under 28 U.S.C. § 1446(a)(1) because there is complete diversity

of citizenship between Plaintiffs and Colony, the sole Defendant.

4. For purposes of diversity of citizenship, Jose Enrique and Ernestina Garza d/b/a Blanca's Market are citizens of Texas because Plaintiffs are domiciled in Hidalgo County, Texas. *See* Plaintiffs' First Amended Pet., Ex. A, Tab 6 at ¶ 2; *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (holding a natural person is a citizen of the state in which she domiciles). Therefore, Plaintiff is a citizen of Texas.

5. Colony Insurance Company is a citizen of Virginia. Colony is a corporation organized under the laws of Virginia with its principal place of business located in Richmond, Virginia. A corporation is a citizen of the state in which it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (holding corporations are a citizen of the state in which they are incorporated and in the state in which their principal place of business is located).

**B.  THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

6. Plaintiff's pleading asserts that they seek damages between $250,000 to $1,000,000. (Plaintiffs' First Amended Pet.., Ex. A, Tab 6 ¶ 46). More specifically, Plaintiffs claim a demand amount of $340,806.06. (Plaintiffs' July 11, 2022 Demand Letter, p. 4). Although Colony disputes liability and damages, it is evident from the pleading that Plaintiffs allege claims for monetary relief that, if granted, would exceed $75,000.00. Therefore, the amount in controversy requirement is satisfied. *See* 28 U.S.C. ¶ 1332 (a).

**C.  REMOVAL IS TIMELY AND ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED**

7. The action was filed in state court on January 6, 2023, and Colony was served with process on March 8, 2023. This Notice of Removal is, therefore, timely filed within thirty days of service of Plaintiffs' pleading on Colony. *See* 28 U.S.C. § 1446(b).

8.  In accordance with 28 U.S.C. § 1446(a) and L.R. 81, the following are attached to this notice:

- All executed process in the case;
- Pleadings asserting causes of action;
- All orders signed by the state judge;
- The docket sheet;
- An index of matters being filed; and
- A list of all counsel of record, including addresses, telephone numbers and Parties represented.

9.  Contemporaneously with the filing of this Notice of Removal, Colony is giving written notice of the removal to Plaintiffs through their attorney of record and to the clerk of the state court.

10. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removal is proper to this District pursuant to 28 U.S.C. § 1441(a) because this District and Division embrace the place in which the state court action is pending.

## II.
## CONCLUSION

WHEREFORE, Colony respectfully requests that this action now pending in the 93rd District Court of Hidalgo County, Texas be removed to the United States District Court for the Southern District of Texas, McAllen Division. Colony further requests that this Court grant it any such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi
State Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:    214-665-0100
Facsimile:     214-665-0199
**ATTORNEYS FOR DEFENDANT
COLONY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This certifies that, on April 6, 2023, a true copy of the foregoing was served on the following counsel of record pursuant to the Federal Rules of Civil Procedure:

Zar Law Firm
Matthew M. Zarghouni
Texas Bar No. 24086085
3900 Essex Lane, Ste 1011
Houston, Texas 77027
Email: Matt@zar-law.com

*/s/ Stephen A. Melendi*
Stephen A. Melendi